IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROBERT ROBERTS                              *
              Plaintiff,
    v.                                    *  CIVIL ACTION NO. AW-06-2523

DAVID J. SEXTON                             *
              Defendant.
                                          ***

## **MEMORANDUM**

Plaintiff, who is currently detained at the Cecil County Detention Center while awaiting criminal trial, filed a 42 U.S.C. § 1983 civil rights action on May 30, 2006, complaining that in April of 2006, he was beaten by two men on the street and later by officers at a local police station in North East, Maryland. *See Roberts v. Sexton, et al.*, Civil Action No. AW-06-1368 (D. Md.). The Complaint was dismissed pursuant to 42 U.S.C. § 1915(g) on June 15, 2006. Plaintiff's appeal was dismissed by the United States Court of Appeals for the Fourth Circuit on September 13, 2006.

On September 25, 2006, the court received for filing Plaintiff's "Amendment of Complaint." Paper No. 1. He seemingly claims that North East police are withholding the statement of the homicide victim in his criminal case. *Id*. He asserts that this statement is exculpatory and that he has been arrested, indicted, and detained on false charges with the knowledge of local police and prosecutors. *Id*. Plaintiff raises claims of false imprisonment, slander, and violations of the First to Fourteenth Amendment and seeks monetary compensation. *Id*.

As *Roberts v. Sexton, et al.*, Civil Action No. AW-06-1368 was no longer an active case, the Amendment of Complaint was construed as a new civil rights complaint and instituted as the above-captioned case. The matter, however, shall be summarily dismissed. As previously noted by the undersigned, Plaintiff is known to this court by the name of Robert Roberts, Robert D. Roberts, Robert Darnell Roberts, and Abdullah Rahiym Ibn Talal, and is a well-known frequent filer in this federal district. He has accumulated three "strikes" or dismissals of his prior prisoner civil actions

pursuant to 28 U.S.C. § 1915(e).[1]  28 U.S.C. § 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in ac civil action or proceeding under this section if the prisoner on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Under the facts of this case Plaintiff does not, nor can he, allege that he is under imminent danger of serious injury.  *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (exception under § 1915(g) focuses on the risk that the conduct complained of threatens continuing or future injury, not whether the inmate deserves a remedy for past misconduct); *see also Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003); *Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 318 (3d Cir. 2001) (en banc).  Therefore, the case may not proceed without the prepayment of filing fees.[2]  A separate Order will be entered dismissing the action without prejudice.


Date:   September 29, 2006                      /s/
                                        Alexander Williams, Jr.
                                        United States District Judge

---

[1] *See Roberts v. Graham*, Civil Action No. S-93-2903 (D. Md.) (dismissed October 19, 1993); *Roberts v. Dykes*, Civil Action No. N-94-1218 (D. Md.) (dismissed May 18, 1994); *Roberts v. Beshears, et al.*, Civil Action No. AW-97-1529 (D. Md.) (dismissed May 14, 1997); *Talal v. Hindenlang*, Civil Action No. AW-98-4171 (D. Md.) (dismissed January 15, 1999); and *Talal v. Sondervan, et al.,* Civil Acton No. AW-99-2087 (D. Md.) (dismissed on August 2, 1999).  This court will continue to rely on those rulings to enter § 1915(g) dismissals when appropriate.  *See Evans v. Illinois Dep't of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998) (district court must cite specific case information upon which it issued a § 1915(g)dismissal).

[2] This should not be construed as an opinion that a re-filed, fee-paid complaint for damages and declaratory relief would go forward.  Plaintiff's Complaint relates to the legality of his arrest and indictment in state court.  It may not proceed unless he demonstrates that his charges have been invalidated.  *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).